ASHLYN KAI BREANNE FLORA, BY AND THROUGH HER NEXT FRIEND AND FATHER, ERIC FLORA, APPELLEE, V. LORI ESCUDERO, APPELLANT.

526 N.W.2d 643

Filed January 27, 1995.   No. S–93–402.

Sally A. Rasmussen, of Mousel Law Firm, P.C., for appellant.

Eric Flora, pro se.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

PER CURIAM.

This is an appeal from a habeas corpus proceeding brought by Ashlyn Kai Breanne Flora, a minor, by and through her next friend and father, Eric Flora, in the district court for Red Willow County. Flora alleged he was the child's natural father and sought the writ in order to obtain specific visitation rights with Ashlyn Kai, who was in the care and custody of her mother, Lori Escudero. Flora and Escudero have never been married. From an order setting specific visitation, Escudero appealed. Habeas corpus is a special proceeding which provides persons illegally detained a summary remedy. Here, the legality of the mother's custody was not placed in issue, and there is no basis for the issuance of a writ. Therefore, the judgment of the district court must be reversed and the cause remanded with directions to dismiss.

Our review of Escudero's appeal discloses a procedural obstacle that is likely to reoccur, and we take this opportunity to resolve the problem. After the district court issued its order, Escudero sought leave to proceed in forma pauperis on appeal. Leave was denied because the district court deemed Escudero's

appeal to be frivolous, but there is nothing in the record stating the basis for that determination. In the future, when it appears that a trial court may deny an appellant leave to proceed in forma pauperis, a hearing shall be held. As required by Neb. Rev. Stat. § 25-2301 (Reissue 1989), the trial court must certify in writing if, in its judgment, an appeal is frivolous. A written statement of the trial court's reasons, findings, and conclusions for denial of appellant's leave to proceed in forma pauperis must accompany its certification.

## BACKGROUND

On October 29, 1992, a petition for a writ of habeas corpus was filed in the district court for Red Willow County, Nebraska, by Ashlyn Kai Breanne Flora, by and through her next friend and father, Eric Flora. In the petition, Flora stated that he was the natural father of Ashlyn Kai. Flora alleged that Lori Escudero refused to allow him reasonable access to the child for visitation. Flora asked the court to set a date for a hearing, establish reasonable visitation, and set child support.

In her answer, Escudero admitted that Flora was the natural father of her daughter. Escudero cross-claimed and requested that the court determine the child's paternity, change the child's surname from Flora to Escudero, and set visitation and child support.

The matter went to trial on April 19, 1993. By an order dated April 20, the court decreed that Flora was the natural and lawful father of Ashlyn Kai. Custody of the child was placed in Escudero, subject to reasonable rights of visitation, including overnight visits. Flora was ordered to pay child support in the amount of $50 per month. The court declined to change the surname of the minor child. Flora was ordered to pay the costs of the action, and each party was ordered to pay his or her own attorney fees.

On May 10, 1993, Escudero timely filed a notice of appeal to the Nebraska Court of Appeals and submitted to the district court for Red Willow County a motion to proceed in forma pauperis on appeal. In her motion, Escudero stated that because of her poverty, she was unable to prepay the costs of pursuing an appeal, including the cost of having a transcript prepared, the

payment of the docket fee, and the expense of copying appellate briefs. Escudero further stated that she was taking the appeal in good faith and that she believed she was entitled to the relief sought.

On May 13, 1993, the district court filed a journal entry, dated May 12, denying Escudero leave to proceed in forma pauperis on appeal because, in the opinion of the court, Escudero's appeal was not taken in good faith.

On May 28, 1993, Escudero filed a motion with the Nebraska Court of Appeals requesting an order directing the district court for Red Willow County to grant her leave to proceed in forma pauperis. On June 21, by order of the Nebraska Supreme Court, this case was removed from the Court of Appeals docket to the Supreme Court docket.

On October 27, 1993, this court granted Escudero's motion to proceed in forma pauperis and directed the District Court for Red Willow County to order Red Willow County to pay the costs for the preparation of the bill of exceptions.

## STANDARD OF REVIEW

An appellate court has an obligation to reach a conclusion independent from a trial court's conclusion as to questions of law. *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994); *Bell Abstract & Title v. Caro, Inc.*, 243 Neb. 576, 500 N.W.2d 834 (1993).

Article I, § 24, of the Nebraska Constitution does not prevent the Legislature or this court from making reasonable rules and regulations for a review of a case on appeal. *Nebraska State Bank v. Dudley*, 203 Neb. 226, 278 N.W.2d 334 (1979); *Barney v. Platte Valley Public Power and Irrigation District*, 144 Neb. 230, 13 N.W.2d 120 (1944); *Schmidt v. Boyle*, 54 Neb. 387, 74 N.W. 964 (1898).

## IN FORMA PAUPERIS APPEALS

As stated below, the district court lacked the basis for the issuance of a writ, and the judgment of the district court must be reversed and the cause remanded with directions to dismiss. However, Escudero's difficulties in pursuing her appeal prompt us to exercise our power to make reasonable rules and regulations for a review of a case on appeal. See, *Nebraska*

*State Bank, supra; Barney, supra; Schmidt, supra.* We use this opportunity to clarify the proper procedure lower courts must follow when denying leave to proceed in forma pauperis and to provide a mechanism for an appellate court to review such a denial.

Section 25-2301 provides:

> Any court of the State of Nebraska, except the Nebraska Workers' Compensation Court, or of any county shall authorize the commencement, prosecution, or defense of any suit, action, or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security, by a person who makes an affidavit that he or she is unable to pay such costs or give security. Such affidavit shall state the nature of the action, defense, or appeal and affiant's belief that he or she is entitled to redress. An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Neb. Rev. Stat. § 25-2306 (Reissue 1989) provides that the trial court shall order transcripts to be furnished without cost if an appeal is not frivolous, but presents a substantial question, and if the transcript is needed to prepare, present, or decide the issue presented by the appeal. Neb. Rev. Stat. § 25-2308 (Reissue 1989) provides, "The court may dismiss the case or permit the affiant to proceed upon payment of costs if the allegation of poverty is untrue, or if the court is satisfied that the action is frivolous or malicious."

We have uniformly held that lower courts are divested of subject matter jurisdiction over a particular case when an appeal of that case is perfected. *Sports Courts of Omaha v. Meginnis,* 242 Neb. 768, 497 N.W.2d 38 (1993); *State v. Battershaw,* 220 Neb. 661, 371 N.W.2d 313 (1985). In *In re Interest of N.L.B,* 234 Neb. 280, 450 N.W.2d 676 (1990), we held that an in forma pauperis appeal is perfected when the appellant timely filed a notice of appeal and an affidavit of poverty.

Although jurisdiction is vested in the appellate court upon timely filing of a notice of appeal and an affidavit of poverty, some duties are still required of the lower court. See, e.g., § 25-1912(4) and (5) (Cum. Supp. 1994); Neb. Ct. R. of Prac. 1 (rev. 1993). For example, the lower court must forward to the

appellate court the notice of appeal, requests for the transcript and the bill of exceptions, and the docket fee or poverty affidavit. Sections 25–2301 and 25–2308 require the lower court to act if it determines that the allegations of poverty are untrue or if it determines that the appeal is not taken in good faith.

Generally, appellants are entitled to the benefits of an in forma pauperis appeal when the affidavit of poverty and notice of appeal are filed and stand uncontradicted and unobjected to. If there is no hearing on the poverty affidavit and the appeal, or when there is a hearing and the evidence is uncontradicted, the trial court has a duty to allow the appellant to proceed in forma pauperis. *State v. Eberhardt*, 179 Neb. 843, 140 N.W.2d 802 (1966). However, on the court's own motion or on objection, a trial court may inquire into the truthfulness or good faith of the litigant's poverty affidavit and notice of appeal. *Id.*

Here, the district court summarily denied Escudero's motion to proceed in forma pauperis because, in the court's opinion, Escudero's appeal was frivolous. No hearing was held, and the district court provided no findings in support of its holding that Escudero's appeal was frivolous.

Escudero appealed the district court's denial of her motion to proceed in forma pauperis to this court via a motion for order authorizing appellant to proceed in forma pauperis pursuant to Neb. Ct. R. Prac. 6 (rev. 1992). Given her indigency, Escudero was unable to pay the costs of pursuing a direct appeal and was unable to provide a transcript or a bill of exceptions from the trial below. Accordingly, our review of Escudero's appeal from the denial of her in forma pauperis motion was based entirely on her brief in support of her motion to proceed and on her attached poverty affidavit. Ordinarily, a trial court's decision regarding the truthfulness or good faith of a litigant's poverty affidavit and notice of appeal will not be disturbed on appeal unless it amounts to an abuse of discretion. See *Eberhardt, supra*. We could not determine whether the trial court acted within its discretion or abused its discretion without a statement of why the court deemed Escudero's appeal to be frivolous.

In the future, when it appears that a trial court may deny an appellant leave to proceed in forma pauperis, a hearing shall be held. As required by § 25–2301, the trial court must certify in

writing if, in its judgment, an appeal lacks good faith. However, a written statement of the trial court's reasons, findings, and conclusions for denial of the appellant's leave to proceed in forma pauperis must accompany its certification that an appeal is frivolous.

## WRIT OF HABEAS CORPUS AND VISITATION

We have described the writ of habeas corpus as a remedy which is constitutionally available in a proceeding to challenge and test the legality of a person's detention, imprisonment, or custodial deprivation of liberty, including the custody and best interests of a minor when in the physical custody of óne not acquiring such under a court order or decree. *Uhing v. Uhing*, 241 Neb. 368, 488 N.W.2d 366 (1992). Habeas corpus is an appropriate action to test the legality of custody and best interests of a minor, including the rights of fathers of children born out of wedlock. *Shoecraft v. Catholic Social Servs. Bureau*, 222 Neb. 574, 385 N.W.2d 448 (1986).

Habeas corpus is a special proceeding, civil in character, which provides a summary remedy open to persons illegally detained. *Neudeck v. Buettow*, 166 Neb. 649, 90 N.W.2d 254 (1958). The remedy is not demandable as a matter of course; legal cause must be shown in order to entitle a petitioner to the remedy of habeas corpus. *Nicholson v. Sigler*, 183 Neb. 24, 157 N.W.2d 872 (1968), *cert. denied* 393 U.S. 876, 89 S. Ct. 174, 21 L. Ed. 2d 148. Moreover, a writ of habeas corpus ordinarily will not be granted where another adequate remedy exists. *In re Application of Dunn*, 150 Neb. 669, 35 N.W.2d 673 (1949).

Here, the petition alleges that Flora is the natural father and Escudero is the natural mother and custodial parent of the minor child. The petition further alleges that no judicial determination of the custodial rights had been made, that the child was living with Escudero, and that Escudero refused to allow Flora reasonable access to visitation or to share in the custody or control of the child. The petition's prayer requested that "upon hearing, the court determine that Eric Flora should have definite visitation rights with the child" and that "reasonable child support be determined by the court along with such other relief as may be just and equitable." Flora did not request custody in

his prayer for relief. Further, Flora's prayer for equitable relief plays no role in this legal proceeding. See, *Synacek v. Omaha Cold Storage Terminals, ante* p. 244, 526 N.W.2d 91 (1995); *Doak v. Milbauer*, 216 Neb. 331, 343 N.W.2d 751 (1984) (prayer for equitable relief has no place or role in law action).

Thus, while the petition notes that the mother refuses to share custody or control of the child, it does not challenge the mother's physical custody of the child. Flora's primary purpose, as stated in the petition, is to obtain visitation rights rather than custody. In child custody cases, a writ of habeas corpus is proper to test the legality of custody although in a case of a writ sued out for the detention of a child, the law is more concerned about the best interests of the child than the illegality of the detention. *Christopherson v. Christopherson*, 177 Neb. 414, 129 N.W.2d 113 (1964).

Since Flora's petition did not contest the legality of the mother's custody of the child, Flora was not entitled to a writ of habeas corpus. We reverse, and remand the cause with directions to dismiss the petition for writ of habeas corpus.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.