STATE OF NEBRASKA, APPELLEE, V. ROBERT SCHMAILZL, APPELLANT.

534 N.W.2d 743

Filed June 30, 1995.   No. S-94-522.

Dorothy Walker and Shawn Elliott, of Mowbray & Walker, P.C., for appellant.

Don Stenberg, Attorney General, and Delores Coe–Barbee for appellee.

White, C.J., Caporale, Fahrnbruch, Lanphier, Wright, and Connolly, JJ.

Wright, J.

Robert Schmailzl appeals from his conviction of making terroristic threats, a violation of Neb. Rev. Stat. § 28-311.01(1)(a) and (c) (Reissue 1989). We find, however, that we do not have jurisdiction over the matter because the poverty affidavit is deficient, and the appeal must be dismissed.

## SCOPE OF REVIEW

Whether a question is raised by the parties concerning jurisdiction of the lower court or tribunal, it is not only within the power but the duty of an appellate court to determine whether such appellate court has jurisdiction over the subject matter. *State v. Miller*, 240 Neb. 297, 481 N.W.2d 580 (1992). See, also, *WBE Co. v. Papio–Missouri River Nat. Resources Dist.*, 247 Neb. 522, 529 N.W.2d 21 (1995); *R–D Investment Co. v. Board of Equal. of Sarpy Cty.*, 247 Neb. 162, 525 N.W.2d 221 (1995).

## FACTS

This is Schmailzl's second appearance before this court on the charge of making terroristic threats. After the district court for Seward County found that the statute under which Schmailzl was charged was unconstitutional, it dismissed the amended information. The State brought error proceedings, and in *State v. Schmailzl*, 243 Neb. 734, 502 N.W.2d 463 (1993), this court held that the statute was constitutional. The cause was remanded for further proceedings.

After a jury trial, Schmailzl was found guilty on March 30, 1994, and on May 23, he was sentenced to probation. On that same date, Schmailzl filed a notice of appeal and a motion for leave to proceed in forma pauperis, which incorporated his financial affidavit. In the affidavit, Schmailzl stated only that "he is not able to procure counsel to represent him in an appeal of this matter due to his financial situation." In an order dated June 13, the district court overruled the motion to proceed in forma pauperis.

## JURISDICTION

We first consider whether this court has been vested with jurisdiction by the filing of the affidavit, which addresses only Schmailzl's inability to pay for counsel. Whether a question is raised by the parties concerning jurisdiction of the lower court or tribunal, it is not only within the power but the duty of an appellate court to determine whether such appellate court has jurisdiction over the subject matter. *State v. Miller, supra.*

Neb. Rev. Stat. § 25-1912(3) (Cum. Supp. 1994) provides that an appellate court obtains jurisdiction over an appeal when the notice of appeal and the docket fee have been deposited in the office of the clerk of the district court. A poverty affidavit serves as a substitute for the docket fee otherwise required upon appeal by Neb. Rev. Stat. §§ 33-103 (Reissue 1993) and 25-1912. *State v. Haase*, 247 Neb. 817, 530 N.W.2d 617 (1995). Section 25-1912 sets forth the only method by which a party may invoke the jurisdiction of an appellate court to review a criminal case. *State v. McCormick and Hall*, 246 Neb. 271, 518 N.W.2d 133 (1994). If no docket fee was paid and the affidavit is not sufficient to meet the statutory requirements, this court lacks jurisdiction over the matter.

Schmailzl sought to vest jurisdiction in this court by filing a notice of appeal and a poverty affidavit in lieu of paying the docket fee. The affidavit states: "[T]he defendant in the above-captioned matter . . . is not able to procure counsel to represent him in an appeal of this matter due to his financial situation."

We hold that a poverty affidavit must assert that the defendant is unable by reason of poverty to pay the costs of the appeal in order to vest jurisdiction with an appellate court. An inadequate affidavit does not waive the mandatory docket fee or vest jurisdiction, and this case must be dismissed because the appeal was not properly perfected. The affidavit filed by Schmailzl was insufficient.

The record before us includes two affidavits. The above affidavit, which we have found to be insufficient, was filed in the Seward County District Court on May 23, 1994, along with the notice of appeal. It is this affidavit which determines whether jurisdiction has vested with the appellate court. The

second affidavit was offered at the hearing on the motion to proceed in forma pauperis. In it, Schmailzl stated that "he does not have funds sufficient to afford the costs of preparing the necessary trial record" and that "he does not have funds sufficient to retain counsel to represent him upon appeal." The second affidavit was notarized on June 13, 1994. The second affidavit was not filed in the office of the clerk of the district court along with the notice of appeal, as required by statute.

We also point out that the district court's denial of Schmailzl's motion to proceed in forma pauperis does not determine the question of jurisdiction. We have held that no statute requires that the trial court approve a request to proceed in forma pauperis. *In re Interest of N.L.B.*, 234 Neb. 280, 450 N.W.2d 676 (1990). An in forma pauperis appeal is perfected when the appellant timely files a notice of appeal and an affidavit of poverty. *Flora v. Escudero*, 247 Neb. 260, 526 N.W.2d 643 (1995). It is not necessary for the trial court to take action on a motion to proceed in forma pauperis in order for the appellate court to be vested with jurisdiction.

The second affidavit, offered at the hearing on the motion to proceed in forma pauperis, is considered only to determine whether the district court abused its discretion in denying the motion. A trial court's decision regarding the truthfulness or good faith of a litigant's poverty affidavit and notice of appeal will not be disturbed on appeal unless it amounts to an abuse of discretion. *Id.*

This court obtains jurisdiction upon the filing of the notice of appeal and a proper poverty affidavit. The poverty affidavit in a criminal appeal must follow the language of Neb. Rev. Stat. § 29-2306 (Cum. Supp. 1994), which provides that the affidavit shall state that the defendant "is unable by reason of poverty to pay the costs." Schmailzl's affidavit, which addressed only the costs of retaining counsel, does not meet the requirement, and jurisdiction has not vested in this court. Because we lack jurisdiction over the matter, we cannot reach the merits of the action.

APPEAL DISMISSED.