IN RE INTEREST OF NOELLE F. AND SARAH F., CHILDREN UNDER
18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. DONALD F., APPELLANT.
534 N.W.2d 581

Filed July 25, 1995.   Nos. A-94-842, A-94-843.

Clark J. Grant and James M. Dake, of Grant, Rogers, Maul & Grant, for appellant.

Kathryn L. Mesner, guardian ad litem.

MILLER-LERMAN and INBODY, Judges, and HOWARD, District Judge, Retired.

MILLER-LERMAN, Judge.

In these consolidated cases, Donald F. appeals the August 25, 1994, order of the county court for Boone County, sitting as a juvenile court, adjudicating his daughters, Noelle F. and Sarah F., to be juveniles as described in Neb. Rev. Stat. § 43-247(3)(a) and (b) (Reissue 1993). Appellant was alleged in the juvenile petitions to have engaged in sexual contact with each child. For the reasons recited below, we dismiss these appeals.

## STANDARD OF REVIEW

An appellate court has an obligation to reach a conclusion independent from a trial court's conclusion as to questions of law. *Lindsay Mfg. Co. v. Universal Surety Co.*, 246 Neb. 495, 519 N.W.2d 530 (1994).

## FACTS

The petitions in these cases, filed May 9, 1994, alleged that each child was a juvenile as described in § 43-247(3)(a) and (b) for the reason that their father had engaged in sexual contact with the juveniles. Criminal charges against appellant, alleging that he had sexually molested his daughters, ages 3 and 5, had been previously filed. Appellant was a 27-year-old high school graduate with 2 years of vocational training. Statements that appellant gave to a deputy sheriff in connection with the criminal action were found to be involuntary and were suppressed by the trial court. The order of suppression was affirmed by this court. See *State v. [Donald F.]*, 94 NCA No. 16, case No. A-94-068 (not designated for permanent publication).

An adjudication hearing was conducted on June 30, 1994. Testimony by nine witnesses covers approximately 150 typed pages. Six exhibits were received in evidence, including documents from the criminal case against appellant and from the separation proceeding between appellant and his wife, Deborah F., who is the mother of the two juveniles. After receiving briefs and taking the matter under advisement, the trial court found the evidence sufficient to adjudicate both daughters to be children as described by § 43-247(3)(a) and (b) and noted in its order of August 25 that the State had met its burden of proof without consideration of appellant's statements which had been suppressed in the criminal case.

Appellant filed his notices of appeal accompanied by combined motions to proceed in forma pauperis and affidavits of poverty on September 13, 1994. Appellant did not pay docket fees. The State filed its "Objection to Motion to Proceed Informa [sic] Pauperis" on September 20, objecting to appellant's proceeding in forma pauperis, inter alia, because the poverty affidavits did not contain accurate statements of appellant's assets, income, and expenditures.

On September 29, 1994, the trial court conducted a hearing on appellant's motions to proceed in forma pauperis and the State's objections thereto. At that hearing, appellant's counsel argued that due to the filing of appellant's notices of appeal and the passage of 30 days after the adjudication order appealed

from, the trial court lacked jurisdiction to rule on the motions to proceed in forma pauperis. Appellant did not argue or present evidence regarding his financial condition. The State argued that the motions were properly before the trial court. As to the merits, the State asked the court to take judicial notice of the district court file concerning the legal separation of appellant and Deborah and stated that appellant's child support calculation and statement of financial condition in the separation proceeding showed that appellant had a total monthly income of $1,664 from all sources, plus other assets, and that appellant had been ordered to pay child support of $379 per month. The court took judicial notice of the district court file in the separation proceeding without exception by appellant.

At the conclusion of the hearing, the trial court found as a factual matter that "the motion to proceed in forma pauperis is not well taken under the statute and they're not entitled to proceed with an appeal in forma pauperis . . . ." The trial court also concluded that "I do not have jurisdiction to enter an order pursuant to that finding." On October 13, 1994, the trial court entered an order to the same effect, stating: "The Court finds that the Motion to Proceed Informa [sic] Pauperis is not well taken but that the County Court does not have jurisdiction to dismiss the appeal." Donald appeals to this court the trial court's findings relating to the adjudications of his daughters, but he does not seek review of the trial court's decision denying his motions to proceed in forma pauperis. Notwithstanding the denial of his motions to proceed in forma pauperis, appellant did not file docket fees.

## ASSIGNMENTS OF ERROR

On appeal to this court, appellant assigns as error (1) the receipt of certain testimonial evidence containing hearsay statements by the juveniles, (2) the receipt into evidence of appellant's statements obtained and suppressed in the criminal proceeding, and (3) the trial court's conclusion that the daughters are children as defined by § 43-247(3)(a) and (b). The State did not file an appellate brief. The guardian ad litem responds to the substance of appellant's assigned errors and

argues preliminarily that because appellant has failed to pay docket fees, his appeals should be dismissed.

## ANALYSIS

The Nebraska statutes contain several provisions relating to the procedure for proceeding in forma pauperis. Neb. Rev. Stat. § 25-2301 (Reissue 1989) provides:

> Any court of the State of Nebraska, except the Nebraska Workers' Compensation Court, or of any county shall authorize the commencement, prosecution, or defense of any suit, action, or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security, by a person who makes an affidavit that he or she is unable to pay such costs or give security. Such affidavit shall state the nature of the action, defense, or appeal and affiant's belief that he or she is entitled to redress. An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Neb. Rev. Stat. § 25-2308 (Reissue 1989) provides: "The court may dismiss the case or permit the affiant to proceed upon payment of costs if the allegation of poverty is untrue, or if the court is satisfied that the action is frivolous or malicious." The two quoted statutes, §§ 25-2301 and 25-2308, are somewhat inconsistent in their language in that § 25-2301 refers in the context of perfecting an appeal to "fees and costs or security" and to "such costs," evidently referring collectively to "fees and costs or security," whereas § 25-2308 refers only to "costs." Because both statutes relate to the perfection of an appeal when the appellant moves to proceed in forma pauperis, whether or not successful, and because § 25-2301 appears to use the term "such costs" to relate back to and to incorporate the expression "fees and costs or security," we interpret the reference to "costs" in § 25-2308 to mean "fees and costs or security" such as is used in § 25-2301. Thus, pursuant to § 25-2308, when the trial court denies the motion to proceed in forma pauperis, "[t]he court may . . . permit the affiant to proceed upon payment of costs[, fees, or security]," thus effectively extending the time to pay docket fees.

■ The denial of a motion to proceed in forma pauperis is an appealable order. See *Flora v. Escudero*, 247 Neb. 260, 526 N.W.2d 643 (1995). In the instant case, appellant did not appeal the order denying his motion to proceed in forma pauperis.

■ In *Flora*, the Nebraska Supreme Court clarified the procedure an appellant and the trial courts shall follow in connection with an application to proceed in forma pauperis on appeal. The cases hold, pursuant to Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 1994), that an appeal is perfected upon filing a notice of appeal and paying a docket fee or upon filing a valid poverty affidavit in lieu of such docket fee. In *Flora*, the Nebraska Supreme Court noted that in an in forma pauperis appeal, "[a]lthough jurisdiction is vested in the appellate court upon timely filing of a notice of appeal and an affidavit of poverty, some duties are still required of the lower court." 247 Neb. at 264, 526 N.W.2d at 647. See, also, *In re Interest of N.L.B.*, 234 Neb. 280, 450 N.W.2d 676 (1990). Specifically, *Flora* states that "[s]ections 25-2301 and 25-2308 require the lower court to act if it determines that the allegations of poverty are untrue or if it determines that the appeal is not taken in good faith." 247 Neb. at 265, 526 N.W.2d at 647.

■ In *Flora*, the Nebraska Supreme Court noted that under *State v. Eberhardt*, 179 Neb. 843, 140 N.W.2d 802 (1966), a trial court may inquire into the truthfulness or good faith of a litigant's poverty affidavit. In *Flora*, the Nebraska Supreme Court stated that "[o]rdinarily, a trial court's decision regarding the truthfulness or good faith of a litigant's poverty affidavit and notice of appeal will not be disturbed on appeal unless it amounts to an abuse of discretion." 247 Neb. at 265, 526 N.W.2d at 647. In connection with future decisions, the Nebraska Supreme Court concluded in *Flora* that

[i]n the future, when it appears that a trial court may deny an appellant leave to proceed in forma pauperis, a hearing shall be held. As required by § 25-2301, the trial court must certify in writing if, in its judgment, an appeal lacks good faith. However, a written statement of the trial court's reasons, findings, and conclusions for denial of the appellant's leave to proceed in forma pauperis must accompany its certification that an appeal is frivolous.

247 Neb. at 265-66, 526 N.W.2d at 647.

In the instant case, the substance of the State's objection to appellant's motions to proceed in forma pauperis was that appellant's financial condition did not warrant granting him leave to proceed in forma pauperis. At oral argument on the motions, reference was made to the files of the district court regarding the separation proceeding between appellant and Deborah, of which files the trial court took judicial notice. Following the hearing, the trial court found that appellant's motions to proceed in forma pauperis were not well taken, which we understand to mean that appellant was not indigent. This reading is consistent with the State's objection challenging appellant's claim of indigence and the argument in connection with appellant's motions to proceed in forma pauperis.

Although the entire district court file of the separation proceeding is not part of the record on appeal, a certified copy of the district court's docket sheet and judge's notes from the separation proceeding was received as exhibit 6 at the adjudication hearing. The entry from November 2, 1993, decreeing a legal separation reads in part as follows:

> The court finds it would be in the best interests of the parties' two minor children that their custody be awarded to the petitioner [Deborah], and that the respondent [appellant] shall at this time have no visitation rights with said minor children[.] Pursuant to the child support guidelines, the respondent [appellant] is ordered to pay to the petitioner [Deborah] child support at the rate of $379 [per] month first commencing on November 2, 1993, and continuing on the first day of each month thereafter until further order of the court, with said child support to decrease to the sum of $244 [per] month when only one minor child remains[.]

According to the copy of the docket sheet, this child support order had not been modified at the time the docket sheet was copied and certified by the clerk of the district court for Boone County on June 30, 1994. Appellant filed his poverty affidavits September 13. At the hearing conducted on September 29, appellant did not dispute the information regarding his financial condition presented by the State, nor did he offer

proof or argument regarding his financial condition. The district court's order in the separation proceeding of $379 per month child support pursuant to the Nebraska Child Support Guidelines, on which the trial court in this juvenile proceeding relied in assessing appellant's financial condition, presupposes appellant's financial ability to pay said support and defeats a claim of indigence. Compare, Nebraska Child Support Guidelines, paragraph I (recommending that "even in very low income cases, a minimum support of $50 per month be set" for purposes of maintaining information on the obligor).

As noted in *Flora v. Escudero*, 247 Neb. 260, 526 N.W.2d 643 (1995), and *State v. Eberhardt*, 179 Neb. 843, 140 N.W.2d 802 (1966), a trial court's decision regarding the truthfulness of a litigant's poverty affidavit will ordinarily not be disturbed on appeal unless it amounts to an abuse of discretion. Our review of the record shows that the trial court did not abuse its discretion in finding that because of his financial condition, appellant should not be permitted to proceed in forma pauperis. The procedures followed by the trial court in connection with this pre-*Flora* hearing and its certification are in accordance with the dictates of *Flora*. However, we disagree with the trial court's legal conclusion that it lacked authority to act pursuant to its finding. See *Flora, supra*.

We recognize the Nebraska Supreme Court's recent decision in *State v. Schmailzl*, 248 Neb. 314, 534 N.W.2d 743 (1995), decided under Neb. Rev. Stat. § 29-2306 (Cum. Supp. 1994). We do not find this case, decided under Neb. Rev. Stat. § 25-2301 et seq. (Reissue 1989), inconsistent with *Schmailzl*.

Given the trial court's proper finding that appellant's requests to proceed in forma pauperis were not well taken and the fact that appellant has failed to pay docket fees in connection with these appeals, we dismiss the appeals. See § 25-1912(1) and (3).

APPEALS DISMISSED.