REVERSED AND REMANDED FOR<br>FURTHER PROCEEDINGS.

IN RE INTEREST OF NOELLE F. AND SARAH F., CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. DONALD F., APPELLANT.
544 N.W.2d 509

Filed March 15, 1996.   Nos. S-94-842, S-94-843.

Clark J. Grant and James M. Dake, of Grant, Rogers, Maul & Grant, for appellant.

No appearance for appellee.

Kathryn L. Mesner, guardian ad litem.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

WRIGHT, J.

The appellant, Donald F., has petitioned this court for further review of the decision of the Nebraska Court of Appeals, which dismissed his appeals for lack of jurisdiction. The Court of Appeals found that the trial court did not abuse its discretion in ruling that Donald should not be permitted to proceed in forma pauperis, and the Court of Appeals dismissed Donald's appeals because he had failed to pay the required docket fees. We granted Donald's petition for further review.

## SCOPE OF REVIEW

When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent from the

decisions made by the lower courts. *Payne v. Nebraska Dept. of Corr. Servs., ante* p. 150, 542 N.W.2d 694 (1996).

## FACTS

On August 25, 1994, the Boone County Court, sitting as a juvenile court, ruled that Noelle F. and Sarah F. were children as described in Neb. Rev. Stat. § 43–247(3)(a) and (b) (Reissue 1993). On September 13, Donald filed notices of appeal regarding this decision and filed affidavits of poverty. On September 20, the State objected to Donald's request to proceed in forma pauperis, alleging that, as a matter of law, the poverty affidavits were deficient and challenging Donald's claim of indigence. The State's objection was set for hearing on September 29, which was 4 days after the deadline for filing the notices of appeal and paying docket fees.

At the hearing, the State asked the county court to take judicial notice of certain financial information contained in a Boone County District Court file pertaining to a legal separation involving Donald and his wife. Exhibit 6, a certified copy of the district court's docket sheet and the judge's notes from the separation proceeding, was received. The exhibit showed that pursuant to the Nebraska Child Support Guidelines, Donald was ordered to pay child support at the rate of $379 per month. Donald did not dispute the information presented by the State regarding his financial condition, nor did he offer proof regarding his financial condition. The county court then signed a journal entry which stated: "The Court finds that the Motion to Proceed Informa [sic] Pauperis is not well taken but that the County Court does not have jurisdiction to dismiss the appeal."

In his appeals to the Court of Appeals, Donald challenged the findings relating to the adjudication of his daughters, but did not seek review of the county court's decision denying his request to proceed in forma pauperis. In each case, the State filed with the Court of Appeals a motion to dismiss or, in the alternative, motion for summary affirmance, alleging that no docket fees had been deposited by Donald, that he had not complied with the jurisdictional requirements for filing an appeal, and that the cases should be summarily disposed. The Court of Appeals overruled the State's motions, and the State did not file an

appellate brief. The guardian ad litem filed an appellate brief but did not cross–appeal challenging Donald's right to proceed in forma pauperis.

The Court of Appeals stated: "Thus, pursuant to § 25-2308, when the trial court denies the motion to proceed in forma pauperis, '[t]he court may . . . permit the affiant to proceed upon payment of costs[, fees, or security],' thus effectively extending the time to pay docket fees." *In re Interest of Noelle F. & Sarah F.*, 3 Neb. App. 901, 905, 534 N.W.2d 581, 584 (1995). The Court of Appeals found that the trial court did not abuse its discretion in ruling that Donald should not be allowed to proceed in forma pauperis. The court held that "[g]iven the trial court's proper finding that [Donald's] requests to proceed in forma pauperis were not well taken and the fact that [Donald] has failed to pay docket fees in connection with these appeals, we dismiss the appeals." *Id.* at 908, 534 N.W.2d at 586.

## ASSIGNMENT OF ERROR

Donald argues that the Court of Appeals erred and abused its discretion in dismissing his appeals.

## ANALYSIS

We first review the applicable law. Neb. Rev. Stat. § 43-2,106.01 (Cum. Supp. 1994), provides:

> Any final order or judgment entered by a juvenile court may be appealed to the Court of Appeals in the same manner as an appeal from district court to the Court of Appeals. The appellate court shall conduct its review within the same time and in the same manner prescribed by law for review of an order or judgment of the district court . . . .

The requirements for perfecting an appeal are set forth in Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 1994). A notice of appeal and the docket fee required must be filed within 30 days after the judgment or final order. The notice of appeal and docket fee required by § 25-1912 are mandatory and jurisdictional and must be filed within 30 days of the entry of the judgment of the trial court. See *State v. Flying Hawk*, 227 Neb. 878, 420 N.W.2d 323 (1988).

In *Friedman v. State*, 183 Neb. 9, 11, 157 N.W.2d 855, 856 (1968), we stated: "When the Legislature fixes the time for taking an appeal, the courts have no power to extend the time directly or indirectly." The running of the time for filing a notice of appeal is terminated by only two events: the timely filing of a motion for new trial under Neb. Rev. Stat. § 25-1143 (Reissue 1989) or a motion to set aside the verdict or judgment under Neb. Rev. Stat. § 25-1315.02 (Reissue 1989). See § 25-1912(2). An appeal is deemed perfected and the appellate court has jurisdiction when the notice of appeal is filed and the docket fee is deposited; no other step shall be deemed jurisdictional. See § 25-1912(3).

An alternative to the deposit of a docket fee is permitted in proceedings in forma pauperis. See Neb. Rev. Stat. §§ 25-2301 to 25-2310 (Reissue 1989). Section 25-2301 provides:

Any court . . . except the Nebraska Workers' Compensation Court . . . shall authorize the . . . appeal therein, without prepayment of fees and costs or security, by a person who makes an affidavit that he or she is unable to pay such costs or give security. . . . An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Section 25-2308 provides: "The court may dismiss the case or permit the affiant to proceed upon payment of costs if the allegation of poverty is untrue, or if the court is satisfied that the action is frivolous or malicious."

We first address whether § 25-2308 extends the time to pay docket fees when the trial court has denied a motion to proceed in forma pauperis. From our review of § 25-1912 and §§ 25-2301 to 25-2310, we conclude that it does not. The time for perfecting an appeal is controlled by § 25-1912, and the time for filing the docket fee is not extended by § 25-2308.

Two questions remain regarding the status of these appeals: (1) Could the trial court proceed to determine the validity of the in forma pauperis proceeding after the notices of appeal and poverty affidavits had been filed? (2) Did the determination by the trial court that the poverty affidavits were not well taken cause the appeals not to be properly perfected? The answer to both questions is yes.

In *Flora v. Escudero*, 247 Neb. 260, 264–65, 526 N.W.2d 643, 647 (1995), we stated:

> Although jurisdiction is vested in the appellate court upon timely filing of a notice of appeal and an affidavit of poverty, some duties are still required of the lower court. . . . Sections 25-2301 and 25-2308 require the lower court to act if it determines that the allegations of poverty are untrue . . . .

The trial court may dismiss the case or permit the affiant to proceed upon payment of costs if the allegation of poverty is untrue, or if the court is satisfied that the action is frivolous or malicious. Ordinarily, a trial court's decision regarding the truthfulness or good faith of a litigant's poverty affidavit and notice of appeal will not be disturbed on appeal unless it amounts to an abuse of discretion. *Flora v. Escudero, supra.* See, also, *State v. Eberhardt*, 179 Neb. 843, 140 N.W.2d 802 (1966). We find that the trial court retained jurisdiction to determine the validity of the poverty affidavit.

In *State v. Schmailzl*, 248 Neb. 314, 534 N.W.2d 743 (1995), we stated that § 25-1912(3) provides that an appellate court obtains jurisdiction over an appeal when the notice of appeal and docket fee have been deposited in the office of the clerk of the district court. "An inadequate affidavit does not waive the mandatory docket fee or vest jurisdiction . . . ." *Schmailzl*, 248 Neb. at 316, 534 N.W.2d at 745. A poverty affidavit serves as a substitute for the docket fee otherwise required upon appeal by Neb. Rev. Stat. § 33-103 (Reissue 1993) and § 25-1912. *State v. Haase*, 247 Neb. 817, 530 N.W.2d 617 (1995). Thus, we conclude that if the poverty affidavit is not sufficient to meet the statutory requirements of § 25-2301 or is found to be untrue, the appeal has not been perfected. Although the filing of a poverty affidavit serves as a substitute for the docket fee otherwise required upon appeal and an appeal is perfected when the appellant timely files a notice of appeal and a poverty affidavit, it is clear that in proceedings in forma pauperis the appellant must file an affidavit which is in fact true. An in forma pauperis affidavit which is found by the trial court to be not well taken is insufficient to perfect an appeal on the merits. See *State v. Schmailzl, supra.*

We are not permitted to review whether the trial court's decision regarding the poverty affidavits was an abuse of discretion because Donald did not appeal this determination and thus the issue was not preserved on appeal. The trial court having determined that the poverty affidavits were not well taken, Donald is not entitled to proceed with his appeals in forma pauperis.

Having failed to file valid poverty affidavits or timely deposit the docket fees required by § 25-1912, Donald has not properly perfected his appeals. Because Donald did not properly perfect his appeals and because no appeal was taken from the trial court's determination of Donald's in forma pauperis status, the Court of Appeals lacked jurisdiction to consider the appeals. As a result, this court also lacks jurisdiction to consider the appeals, and they must be dismissed.

APPEALS DISMISSED.