STATE OF NEBRASKA, APPELLEE, v. LEROY J. PARMAR, APPELLANT.
586 N.W. 2d 279

Filed September 25, 1998.    No. S-97-919.

LeRoy J. Parmar, pro se.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ., and IRWIN, Chief Judge, and INBODY, Judge.

CONNOLLY, J.

This postconviction appeal presents the following questions: whether a poverty affidavit filed prior to the rendition of the final order by the trial court may be used to perfect an appeal from that judgment, pursuant to Neb. Ct. R. of Prac. 1B(4) (rev. 1996), and whether a prisoner's pro se poverty affidavit is "filed" on the date it is delivered to prison authorities for mailing rather than the date it is received in the office of the clerk of the district court. We conclude that a poverty affidavit must be filed after the rendition of the trial court's judgment to perfect an appeal therefrom and that a prisoner's pro se poverty affidavit is filed on the date it is received in the office of the clerk of the district court. Because the first poverty affidavit of appellant, LeRoy J. Parmar, was filed prior to the rendition of judgment and the second was received in the office of the clerk of the district court more than 30 days after the judgment, this court has no jurisdiction to hear Parmar's appeal. Appeal dismissed.

## BACKGROUND

On July 24, 1997, Parmar filed a pro se motion for postconviction relief, asking the district court to vacate and set aside his conviction and sentence for the murder of Frederick Cox. See, *State v. Parmar*, 249 Neb. 462, 544 N.W.2d 102 (1996) (upholding denial of Parmar's first postconviction motion); *State v. Parmar*, 231 Neb. 687, 437 N.W.2d 503 (1989) (upholding Parmar's conviction on direct appeal). He also filed a motion to proceed in forma pauperis with a supporting poverty affidavit and a motion to appoint counsel.

On July 30, 1997, the district court considered Parmar's motions without granting an evidentiary hearing. The district court entered an order on that date simultaneously appointing appellate counsel for Parmar, granting him leave to proceed in forma pauperis, and denying the motion to vacate and set aside the judgment.

The court-appointed attorney subsequently filed a notice of appeal in the district court on August 29, 1997, but did not file a separate motion to proceed in forma pauperis or a docket fee. Instead, the notice of appeal requested that Parmar be granted in forma pauperis status based on the district court's July 30 determination that Parmar was indigent. The district court clerk's certificate, dated September 3, records the notice of appeal as having been filed on August 29 and the poverty affidavit on July 30. Finally, on September 2, 34 days after the judgment was rendered, Parmar filed a motion for appointment of substitute counsel, pro se notice of appeal, and a motion to proceed in forma pauperis supported by a poverty affidavit.

The State then filed a motion for summary affirmance or dismissal, contending that this court did not have jurisdiction to hear Parmar's appeal and that the issues raised by Parmar should have been raised in his prior postconviction action. This court overruled the State's motion, and the case proceeded to oral argument.

## ASSIGNMENTS OF ERROR

Parmar assigns that (1) the district court erred in denying Parmar a hearing, because the facts alleged, if proved, constitute violations of Nebraska and/or federal law; (2) court-

appointed postconviction counsel was ineffective; and (3) the district court erred in refusing to appoint substitute counsel to perfect the instant appeal.

## SCOPE OF REVIEW

A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Bonge v. County of Madison*, 253 Neb. 903, 573 N.W.2d 448 (1998). It not only is within the power but is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Trew v. Trew*, 252 Neb. 555, 567 N.W.2d 284 (1997).

## ANALYSIS

As a threshold matter, this court must address whether it has jurisdiction to hear this appeal. "The appellate jurisdiction of a court is contingent upon timely compliance with constitutional or statutory methods of appeal." *Barney v. Platte Valley Public Power and Irrigation District*, 144 Neb. 230, 235, 13 N.W.2d 120, 123 (1944). Neb. Rev. Stat. § 25-1912 (Reissue 1995) governs appellate jurisdiction and states:

> The proceedings to obtain a reversal, vacation, or modification of judgments and decrees rendered or final orders made by the district court, including judgments and sentences upon convictions for felonies and misdemeanors, shall be by filing in the office of the clerk of the district court in which such judgment, decree, or final order was rendered, within thirty days after the rendition of such judgment or decree or the making of such final order, a notice of intention to prosecute such appeal signed by the appellant or appellants or his, her, or their attorney of record and, except as otherwise provided in sections 29-2306 and 48-641, by depositing with the clerk of the district court the docket fee required by section 33-103.
>
> . . . .
>
> . . . [A]n appeal shall be deemed perfected and the appellate court shall have jurisdiction of the cause when such notice of appeal has been filed and such docket fee deposited in the office of the clerk of the district court . . . .

This court has long held that "the Legislature intended that the filing of the notice of appeal and the depositing of the docket fee 'in the office of the clerk of the district court' are both mandatory and jurisdictional." *American Legion Post No. 90 v. Nebraska Liquor Control Commission*, 199 Neb. 429, 430-31, 259 N.W.2d 36, 37 (1977), quoting *Barney v. Platte Valley Public Power and Irrigation District, supra.* The Nebraska Supreme Court has no power to exercise appellate jurisdiction in proceedings to review the judgment of the district court unless the appellant shall have filed a notice of appeal and deposited a docket fee in the office of the clerk of the district court within the time fixed and as provided in § 25-1912. *American Legion Post No. 90 v. Nebraska Liquor Control Commission, supra; Barney v. Platte Valley Public Power and Irrigation District, supra.* When a poverty affidavit is substituted for the docket fee, it must be filed within the time and in the manner required for filing the docket fee. See, *State v. Schmailzl*, 248 Neb. 314, 534 N.W.2d 743 (1995); *State v. Haase*, 247 Neb. 817, 530 N.W.2d 617 (1995).

It is clear that Parmar's counsel did not file a poverty affidavit with the notice of appeal filed on August 29, 1997, and that Parmar's pro se notice of appeal and poverty affidavit were received in the office of the clerk of the district court on September 2, more than 30 days after the rendition of the judgment. Thus, it would appear that Parmar has not complied with § 25-1912 and that this court is without jurisdiction.

### PARMAR'S FILING BY COUNSEL

However, Parmar argues that the poverty affidavit filed on July 24, 1997, was effective for 45 days according to rule 1B(4) and, therefore, was still in effect when his counsel filed the notice of appeal on August 29. The State disagrees, contending that Parmar was obliged to file a new poverty affidavit after judgment was rendered, according to § 25-1912. The question is whether a poverty affidavit that predates the trial court's final order is sufficient to perfect an appeal therefrom.

Rule 1B(4) provides that once a notice of appeal and docket fee or poverty affidavit have been filed with the clerk of the district court, the clerk must send the Supreme Court a "[c]heck of

the clerk of the district court for docket fee, or copy of a poverty affidavit which has been *executed* no more than 45 days prior to the filing of notice of appeal . . . ." (Emphasis supplied.)

The key distinction between § 25-1912 and rule 1B(4) is that the statute sets forth the period within which certain documents must be "filed," whereas the rule sets forth the period within which a poverty affidavit must be "executed." "Executed" simply means "signed." Black's Law Dictionary 567 (6th ed. 1990). Thus, rule 1B(4) requires only that the affidavit be signed and notarized no more than 45 days prior to the filing of the notice of appeal. It says nothing as to when the affidavit must be *filed*.

Moreover, § 25-1912 states that the docket fee and, consequently, the poverty affidavit must be deposited in the office of the clerk of the district court "within thirty days after the rendition" of the judgment, decree, or final order. See *American Legion Post No. 90 v. Nebraska Liquor Control Commission, supra.* Thus, according to the plain language of § 25-1912, the poverty affidavit must be filed *after* the entry of the final order. Therefore, a poverty affidavit is insufficient to perfect an appeal unless it is filed during the 30-day period following the rendition of judgment.

We conclude that Parmar's July 24, 1997, poverty affidavit was insufficient to perfect Parmar's appeal, because it was filed prior to the entry of the final order.

### PARMAR'S PRO SE FILINGS

Parmar also contends that this court should adopt the "prison delivery rule" announced in *Houston v. Lack,* 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), and that his pro se notice of appeal and poverty affidavit were timely "filed" under the rule.

The appellant in *Lack,* who was imprisoned, delivered his notice of appeal to prison authorities for mailing to the district court within the 30-day federal time period mandated by 28 U.S.C. § 2107 (1994). However, his notice of appeal was not stamped "filed" by the district court until 1 day after the expiration of the time period. Nonetheless, the Court held that the appellant's notice of appeal was timely filed.

The Court acknowledged that a notice of appeal is typically not considered "filed" until it is actually received by the clerk

of the district court. However, the Court stated that prisoners acting pro se are in an unusual position in that they cannot "personally travel to the courthouse to see that the notice is stamped 'filed.'" 487 U.S. at 271. Instead, they are at the mercy of "prison authorities . . . who may have every incentive to delay." *Id.* The Court also noted that the applicable statute neither defined when a notice of appeal has been "filed" nor designated the person with whom it must be filed. Therefore, the Court held that a prisoner acting pro se "files" a notice of appeal on the date it is delivered to prison authorities for forwarding to the clerk of the district court.

While this court recognizes that the rationale for such a rule "makes a good deal of sense," *Houston v. Lack,* 487 U.S. at 277 (Scalia, J., dissenting), jurisdictional statutes must be strictly construed, see *Barney v. Platte Valley Public Power and Irrigation District,* 144 Neb. 230, 13 N.W.2d 120 (1944). Unlike 28 U.S.C. § 2107, § 25-1912 specifically states that an appeal shall be perfected by "filing [a notice of appeal and docket fee] *in the office of* the clerk of the district court" within 30 days. (Emphasis supplied.) This court cannot construe "in the office of" to mean "in the hands of prison authorities for forwarding to the office of." Indeed, this court has previously interpreted the word "filed" in § 25-1912 to mean *received* in the office of the clerk of the district court. See, *State v. Schmailzl,* 248 Neb. 314, 534 N.W.2d 743 (1995); *Molczyk v. Molczyk,* 154 Neb. 163, 47 N.W.2d 405 (1951). "To say that jurisdiction may be lodged in the supreme court in any other manner than that provided by the plain words of the statute amounts to judicial legislation." *Barney v. Platte Valley Public Power and Irrigation District,* 144 Neb. at 239, 13 N.W.2d at 124-25 (Carter, J., concurring).

As we have already indicated, when a poverty affidavit is substituted for the docket fee it must be filed within the time and in the manner required for filing the docket fee. See *State v. Schmailzl, supra; State v. Haase,* 247 Neb. 817, 530 N.W.2d 617 (1995). According to § 25-1912, the docket fee, like the notice of appeal, must be filed in the office of the clerk of the district court. Moreover, this court has clearly held that the receipt of a poverty affidavit in a location other than the office of the clerk of the district court is insufficient to perfect an

appeal. *State v. Schmailzl, supra* (holding that poverty affidavit was invalid when offered during hearing); *Barney v. Platte Valley Public Power and Irrigation District, supra* (holding that appeal was not perfected when docket fee was paid to clerk of Supreme Court rather than clerk of district court).

Thus, there is no statutory basis on which to conclude that the "prison delivery rule" applies in Nebraska. See, e.g., *Stull v. Hoke*, 326 Or. 72, 948 P.2d 722 (1997), and *State v. Parker*, 936 P.2d 1118 (Utah App. 1997) (declining to adopt rule because it is inconsistent with state law). Although there may be good reasons to consider a prisoner's pro se notice of appeal and poverty affidavit "filed" when it is given to prison officials for forwarding to the district court, see, e.g., *In re Jordan*, 4 Cal. 4th 116, 840 P.2d 983, 13 Cal. Rptr. 2d 878 (1992), and *Kellogg v. Journal Communications*, 108 Nev. 474, 835 P.2d 12 (1992) (adopting rule), this court has no power to do so without statutory authorization, see *In re Interest of Noelle F. & Sarah F.*, 249 Neb. 628, 544 N.W.2d 509 (1996) (stating that when Legislature fixes time for taking appeal, courts have no power to extend time directly or indirectly). " '[A]bsent some violation of due process, the Legislature may prescribe the time in which an appeal must be taken, even if the procedure, on careful reflection, is foolish or contrary to other procedures provided.' " *State ex rel. Labedz v. Beermann*, 229 Neb. 657, 667, 428 N.W.2d 608, 615 (1988), quoting *In re Covault Freeholder Petition*, 218 Neb. 763, 359 N.W.2d 349 (1984).

We decline to adopt the "prisoner delivery rule" and conclude that prisoners acting pro se are subject to the same filing rules as other litigants.

## CONCLUSION

Parmar's July 24, 1997, poverty affidavit was filed prior to the court's July 30 judgment, and his September 2 poverty affidavit was filed more than 30 days after the judgment. Therefore, Parmar failed to file a poverty affidavit within the time period prescribed by § 25-1912 and we are without jurisdiction to hear his appeal.

APPEAL DISMISSED.

WHITE, C.J., not participating.