IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

YOUNG V. ZOBRIST

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

JAMES YOUNG, APPELLEE,

V.

JUSTINA M. ZOBRIST, APPELLANT.

Filed June 1, 2021.    No. A-20-796.

Appeal from the District Court for Sarpy County: STEFANIE A. MARTINEZ, Judge. Affirmed.

Robert Wm. Chapin, Jr., of Chapin Law Office, for appellant.

Justin A. Quinn for appellee.

PIRTLE, Chief Judge, and MOORE and RIEDMANN, Judges.

MOORE, Judge.

INTRODUCTION

Justina M. Zobrist appeals from an order of the District Court for Sarpy County granting James Young's motion to vacate an order allowing Zobrist to proceed in forma pauperis. For the reasons set forth below, we affirm.

STATEMENT OF FACTS

On September 29, 2020, Zobrist filed a notice of appeal regarding an order entered by the district court on September 10, 2020, in connection with a modification of the parties' paternity decree. See *Young v. Zobrist*, Case No. A-20-711. On the same day, Zobrist filed a motion to proceed in forma pauperis on appeal along with an affidavit in support of her motion. Zobrist's affidavit alleged that her sole asset was a checking account valued at $37 and that her monthly liabilities included rent in the amount of $1,675, utilities totaling $350, clothing and other

- 1 -

miscellaneous expenses totaling $100, and court-ordered child support of $247. The affidavit also alleged that she had no income. An order allowing Zobrist to proceed in forma pauperis was entered by the district court on September 30.

On October 6, 2020, Young filed an objection to Zobrist proceeding in forma pauperis and a motion to vacate the order allowing her to do so. Young's motion alleged that Zobrist's affidavit contained numerous false statements. Specifically, Young alleged that Zobrist is married and therefore has claim to a portion of her husband's earnings, Zobrist owns a home in Tennessee that is tax appraised at $271,000 and is used as rental property earning $1,900 per month in rent, and Zobrist had resources sufficient to retain private counsel.

A hearing was held on October 28, 2020, regarding Young's objection and motion to vacate. Young offered an affidavit in evidence supporting the allegations of his objection. Zobrist did not offer evidence, but instead argued that the court did not have jurisdiction to vacate its order. After taking the matter under advisement, the district court entered an order on October 29, finding based on the evidence and "the [c]ourt's previous findings about the credibility of [Zobrist]," that the poverty affidavit was untrue and therefore the order allowing her to proceed in forma pauperis should be vacated. The court also rejected Zobrist's argument that it lacked jurisdiction to vacate and set aside an order to proceed in forma pauperis.

Zobrist now appeals.

## ASSIGNMENTS OF ERROR

Zobrist assigns that the district court erred by finding it had jurisdiction, setting aside its order granting her motion to proceed in forma pauperis, and not allowing her the right to perfect her appeal by paying the appropriate fees.

## STANDARD OF REVIEW

A district court's denial of in forma pauperis status is reviewed de novo on the record based on the transcript of the hearing or written statement of the court. *Sabino v. Ozuna*, 303 Neb. 318, 928 N.W.2d 778 (2019).

A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Champion v. Hall County*, 309 Neb. 55, 958 N.W.2d 396 (2021).

## ANALYSIS

*Jurisdiction.*

Zobrist assigns that the court erred by finding it had jurisdiction to hear Young's motion to vacate its order allowing her to proceed in forma pauperis. Specifically, Zobrist argues that the lower court did not have jurisdiction because this court had already obtained jurisdiction of the case after her motion to proceed in forma pauperis had been granted and her notice of appeal had been filed.

Neb. Rev. Stat. § 25-2301.02 (Reissue 2016) provides, in relevant part, that an objection to a request for in forma pauperis status on the grounds that the party filing the application has sufficient funds or that the appeal is frivolous must be made within 30 days of the filing of the

affidavit. However, an objection may be made at any time if the ground for the objection is that the initial application was fraudulent. *Id*. In the instant case, Young's objection and the court's vacation of the September 30 order occurred within 30 days of the affidavit's filing, but could have properly occurred at any time that evidence of the affidavit's fraudulent nature was brought to the court's attention. Further, the Nebraska Supreme Court has held that § 25-2301.02 makes clear that challenges to the ability of a defendant to proceed in forma pauperis are to occur in the district court and that the district court is charged with the responsibility of granting or denying the motion to proceed in forma pauperis. *State v. Ruffin*, 280 Neb. 611, 789 N.W.2d 19 (2010). Although jurisdiction is vested in the appellate court upon timely filing of a notice of appeal and an affidavit of poverty, some duties are still required of the lower court. *In re Interest of Noelle F. & Sarah F.*, 249 Neb. 628, 544 N.W.2d 509 (1996) (referring to statute in effect prior to § 25-2301.02 and stating lower court to determine if allegations of poverty are untrue). Therefore, the district court had jurisdiction to hear Young's motion to vacate its order allowing Zobrist to proceed in forma pauperis.

Although Zobrist assigns that the district court erred by granting Young's motion to vacate the order allowing Zobrist to proceed in forma pauperis, she does not challenge the district court's central finding that her poverty affidavit was untrue. To be considered by an appellate court, an alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error. *Korth v. Korth*, 309 Neb. 115, ___ N.W.2d ___ (2021).

*Opportunity to Perfect Appeal.*

Zobrist also assigns that if the district court did retain jurisdiction to hear Young's motion to set aside the order, the court still erred by not following the statutory requirement to allow her to correct any deficiencies. Section 25-2301.02(1) states: "If an objection is sustained, the party filing the application shall have thirty days after the ruling or issuance of the statement to proceed with an action or appeal upon payment of fees, costs or security notwithstanding the subsequent expiration of any statute of limitations or deadline for appeal." Section 25-2301.02(2) allows an aggrieved party to appeal from the denial of an application to proceed in forma pauperis.

Zobrist argues that the final order does not follow the statutory requirement of allowing her 30 days to correct any deficiencies. However, the statute does not require the court advise the applicant of his or her remedies once an objection has been sustained and there is nothing in the court's order that precluded Zobrist from exercising her statutory rights under § 25-2301.02. Zobrist chose the statutory remedy of appealing the order vacating the prior grant of in forma pauperis status. Following our decision in the instant appeal, Zobrist will have 30 days to pay a docket fee to continue her appeal in case No. A-20-711. See *State v. Carter*, 292 Neb. 16, 870 N.W.2d 641 (2015). This assigned error lacks merit.

CONCLUSION

For the reasons set forth above, we conclude that the district court had jurisdiction to hear Young's motion to vacate the order allowing Zobrist to proceed in forma pauperis. Further, we conclude that the court did not preclude Zobrist from exercising her statutory remedies following the vacation of the order. Accordingly, we affirm.

AFFIRMED.