BRENT L. FINE, APPELLEE, V. NAOMI L. FINE, APPELLANT.

537 N.W.2d 642

Filed October 3, 1995. No. A-95-702.

Anthony L. Young, of Western Nebraska Legal Services, for appellant.

Sally A. Rasmussen, of Mousel, Garner & Rasmussen, for appellee.

HANNON, MILLER–LERMAN, and INBODY, Judges.

HANNON, Judge.

Naomi L. Fine has appealed from the decree dissolving her marriage with Brent L. Fine. In lieu of paying the costs of the appeal, Naomi filed an affidavit of poverty under Neb. Rev. Stat. § 25-2301 (Reissue 1989). After that affidavit was filed, the district court found that Naomi was not indigent and that the appeal was frivolous and not taken in good faith and therefore denied her application to proceed in forma pauperis. This case now comes before this court on Brent's motion to dismiss the appeal in view of the trial court's findings and Naomi's failure to pay the necessary appeal costs or give security following the court's finding. We conclude that the district court abused its

discretion in finding that Naomi was able to pay the costs of the appeal and that its conclusion that the appeal was not taken in good faith and was frivolous was not supported by specific findings. Therefore, we deny the motion.

Brent does not attempt to raise a jurisdictional issue by this motion, but, rather, seeks to have this court dismiss the appeal because Naomi failed to file a cost bond as required by Neb. Rev. Stat. § 25-1914 (Cum. Supp. 1994), to deposit the docket fee as required by Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1994), to deposit the approximate cost of the bill of exceptions with the court reporter as required by Neb. Ct. R. of Prac. 5B(1)e (rev. 1995), to file a brief, and to notify the court reporter of the record preparation date as required.

The trial court filed a decree dissolving the parties' marriage on March 1, 1995. By an order filed March 30, the court slightly modified that decree and overruled the parties' separate motions for new trial. On April 3, Naomi filed a combined application and affidavit to proceed in forma pauperis, which document contains those statements required under § 25-2301, that is, that she believed she was entitled to redress and that she was unable to pay the court costs or give security therefor. On April 5, the trial court set a hearing date for April 10 to consider Naomi's application. By an order filed May 26, the trial court denied her application.

In its order of May 26, the trial court made specific findings which can be summarized as follows: That approximately 2 weeks after the decree was entered Naomi borrowed $1,000 and spent $500 of that money to make a payment and a partial advance payment on her vehicle and then used $500 to bail an acquaintance out of jail; that she made no inquiries concerning borrowing funds sufficient to pay the costs of her appeal; that in late March she quit a full-time job at which she earned $5.50 per hour; that she admitted to having received financial assistance from her mother since the decree; that at the time of trial she was living with a man whom she was engaged to marry, but that by the time of the hearing he had left town with all of the money from her checking account; and that she has made no attempt to pay any child support. The court found that Naomi's situation had deteriorated since the decree was entered,

that her testimony concerning indigence is not credible, that she is not indigent for purposes of prosecuting this appeal, and that "the Respondent's appeal is not taken in good faith and is frivolous."

In holding the hearing and in entering the order of May 26, the trial court was plainly attempting to follow the dictates of *Flora v. Escudero*, 247 Neb. 260, 526 N.W.2d 643 (1995). In *Flora*, the Supreme Court stated it intended to clarify the procedure trial courts must follow when denying leave to proceed in forma pauperis, and in so doing the court said:

> As required by § 25-2301, the trial court must certify in writing if, in its judgment, an appeal lacks good faith. However, a written statement of the trial court's reasons, findings, and conclusions for denial of the appellant's leave to proceed in forma pauperis must accompany its certification that an appeal is frivolous.

247 Neb. at 265-66, 526 N.W.2d at 647.

In *Flora*, the court stated that ordinarily, a trial court's decision regarding the truthfulness or good faith of a litigant's poverty affidavit will not be disturbed on appeal unless the decision amounts to an abuse of discretion. We conclude that if the trial court makes the requisite specific findings, its decision that a litigant has no right to in forma pauperis status must be affirmed in the absence of an abuse of discretion. No bill of exceptions has been filed, and obviously, none can be expected if Naomi is unable to deposit the estimated cost of the bill of exceptions with the court reporter and she is denied in forma pauperis status. The lack of availability of a bill of exceptions in this situation is undoubtedly why in *Flora* the Supreme Court required trial courts to make specific findings of fact when an application under § 25-2301 is denied as frivolous.

Section 25-2301 provides in part that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Neb. Rev. Stat. § 25-2306 (Reissue 1989) provides that upon the filing of an affidavit, the court shall order a transcript "if the suit or appeal is not frivolous, but presents a substantial question." These statutes clearly deal with the situation where the trial court denies in forma pauperis status to an appellant on the ground that the

appeal is frivolous or not taken in good faith. However, in *Flora*, the Supreme Court stated: "Sections 25–2301 and 25–2308 require the lower court to act if it determines that the allegations of poverty are untrue or if it determines that the appeal is not taken in good faith." 247 Neb. at 265, 526 N.W.2d at 647.

■ In *In re Interest of Noelle F. & Sarah F.*, 3 Neb. App. 901, 534 N.W.2d 581 (1995), this court considered a case where the trial court held the appellant's financial status did not warrant granting him in forma pauperis status, and we found that the record showed the trial court did not abuse its discretion in doing so and dismissed the appeal for failure to pay docket fees. We therefore conclude that a trial court may deny in forma pauperis status to an appellant on either of two grounds, (1) when the appellant is in fact able to pay the costs or give security therefor or (2) when the appeal is frivolous or not taken in good faith. In the case at hand, the trial court denied Naomi that status on both grounds. In *Flora*, the trial court found only that the appeal was not taken in good faith or was frivolous. *Flora* therefore gives no guidance on the subject matter of the required specific findings when in forma pauperis status is denied upon the basis that the appellant is not unable to pay the costs or give security therefor. However, the above–quoted statutes and cases allow the trial court to act if it determines that the allegations of poverty are untrue.

What specific findings are necessary to deny an appeal in forma pauperis on the basis that the appellant is not unable to pay the costs? With respect to an appeal, § 25–2301 provides in significant part: "Any court . . . shall authorize the . . . appeal therein, without prepayment of fees and costs or security, by a person who makes an affidavit that he or she is unable to pay such costs or give security." The statute gives neither the trial court nor this court any guidance in its administration. We conclude the effect of the statute must be examined in the light of other statutes and rules providing for the payment of fees, costs, or security in the appellate situation.

With respect to an appeal from the district court to this court or the Supreme Court, the fees and costs can only be the docket fee, the appeal cost bond, and the cost of the bill of exceptions.

Under § 25-1912 and Neb. Rev. Stat. §§ 33-103 and 33-106.04 (Reissue 1993), an appellant must deposit $53 with the clerk of the district court within 30 days of the order being appealed. The clerk is also entitled to a fee for the transcript, but the amount and the time within which it must be paid are not clear. Neb. Rev. Stat. § 33-106 (Reissue 1993). Under § 25-1914, the appellant must post a $75 cost bond or deposit $75 in cash within the same period. Rule 5B(1)e requires an appellant to deposit the estimated cost of the bill of exceptions within 14 days after the court reporter notifies the appellant of the estimated cost, and the reporter is supposed to make this estimate immediately upon receipt of the praecipe for the bill of exceptions. In effect, the appellant must deposit the cost of the bill of exceptions within not less than 44 days after the final order being appealed.

In most appeals, the appellant will be required to come up with more money to pay for the bill of exceptions than any other item, but all of the costs must be paid before an appellant can hope to have an effective appeal. Section 25-2301 does not provide for the appellant to pay that part of the costs that the appellant is capable of paying. The statutes and rules controlling appeals do not allow for extending the time in which to pay the costs. The Legislature has not authorized the denial of in forma pauperis status for any reasons other than the ability to pay the costs or to give security therefor and that the appeal was not taken in good faith or was frivolous. Section 25-2301 does not require the affiant to claim indigence, but only that the affiant is unable to pay the fees and costs or give security therefor. Therefore, we conclude that before a court may deny an appellant in forma pauperis status for an appeal under § 25-2301 on the basis that that person is not indigent, the court must make specific findings of fact that establish the expected fees and costs that the appellant must pay and the ability of the appellant to pay those costs within the time required.

We must determine the costs Naomi must pay to appeal in this case. The record shows that on April 11 the court reporter notified Naomi that the estimated cost of the bill of exceptions was $1,450 and demanded that sum be deposited within 14 days. In addition, she would be required to deposit the $53 for

docket and automation fees and to file a $75 cost bond or to deposit the cash within 30 days of March 30, 1995, as required by the statutes cited above. Therefore, it is apparent that in order to pursue the appeal, Naomi would need to raise $1,578 in cash within 30 days after the motion for new trial was overruled.

Next, we must determine Naomi's ability to pay the $1,578 as required. We do not have a bill of exceptions to examine. To determine whether the trial court abused its discretion, we must examine the court's findings, the few facts stated in Naomi's affidavit, and the record. In her affidavit, she states her net income is $736 per month and that she is required to pay $220 per month child support. In its May 26 order, the trial court found that she quit a full–time job paying $5.50 per hour. (At 40 hours per week, working 52 weeks a year, she would make $953 per month gross.) However, in the decree of dissolution the court concluded her earnings were $736 per month and on that basis ordered her to pay $220 per month child support. In its May 26 order, the court found she had not paid the ordered child support.

Naomi's affidavit shows that she claims to have only $10 in her bank accounts, household goods valued at $1,500, and a 1987 Chevrolet valued at $4,500 with a $3,600 lien upon it. The property she claims to own and the values and liens she claims for that property appear to be reasonable in view of the property listed in the decree, and the court did not find them to be incorrect. In the dissolution decree, Naomi was directed to pay the balance owing on two credit cards and to Ford Motor Credit Company, the balance of a J.C. Penney bill, and a medical bill. The amounts of these obligations are not shown, except that in overruling the motions for new trial, the trial court required Naomi to pay only $1,250 of the balance of one of these credit cards. In summary, the record shows she has more liabilities than assets, and more obligations than any income she could reasonably expect in the immediate future. These findings would be necessary even if she had kept the better paying job. There is no evidence that Naomi had any money or property with which to pay the required costs.

The trial court also found that Naomi had borrowed $1,000

and spent $500 of this money on car payments and $500 to bail an acquaintance out of jail, that she had received financial assistance from her mother since the decree was entered, and that she had made no inquiries of financial institutions about borrowing money to pay the appeal costs. The court's findings imply that Naomi should have attempted to borrow the money from either a lending institution, friends, or family. The record clearly establishes that Naomi is insolvent and that she had no assets to sell. It is self-evident that she could not obtain a commercial loan of any sum, let alone one for $1,578. We do not believe a person must unsuccessfully resort to begging for a loan from friends and family in order to qualify for in forma pauperis status.

The findings of the trial court and the evidence would support a finding that Naomi's financial condition would have been better if she had maintained the job she once held, if she had selected her friends more carefully, and if she had not trusted someone who was not worthy of trust. These matters might support a conclusion that she has been improvident, perhaps foolish, but the existence of these attributes does not establish the ability to pay the costs. These matters may help to explain why she cannot pay the costs of the appeal, but they do not tend to establish that she had the ability to pay them. The trial court did not find and the record would not support a finding that Naomi voluntarily impoverished herself.

For the above reasons, we conclude that the record shows that Naomi could not pay the required costs of appeal within the required time and that therefore the trial court abused its discretion in determining that Naomi was not indigent for purposes of prosecuting her appeal in forma pauperis.

The trial court also found that Naomi's appeal was not taken in good faith and that it was frivolous. The effect of these findings is controlled by the holding of *Flora v. Escudero*, 247 Neb. 260, 526 N.W.2d 643 (1995). In *Flora*, the trial court did not certify in writing the reasons and findings supporting its conclusion, and thus, its conclusion was found to be inadequate. In the case at hand, the trial court gave no reasons and made no specific findings to support its conclusion that Naomi's appeal was not taken in good faith and was frivolous. Therefore,

we conclude that the finding of the trial court in this case is essentially the finding that the Supreme Court rejected as inadequate in *Flora*, and that finding is likewise inadequate in this case.

The trial court abused its discretion in denying Naomi in forma pauperis status, and we reverse the district court's decision on that determination. We also direct the district court to make such orders to the clerk, court reporter, or other court officials as shall be necessary for them to prepare as expeditiously as possible the bill of exceptions and any other documents for this appeal. Naomi's brief date will be set when the bill of exceptions is filed.

MOTION OVERRULED.