IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

MCCARTY V. MCCARTY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

CRYSTAL A. MCCARTY, APPELLANT,

V.

BRENDA S. MCCARTY, STEPHANIE W. MILONE, AND JON PARSONS, APPELLEES.

Filed September 6, 2022.    No. A-22-071.

Appeal from the District Court for Sarpy County: STEFANIE A. MARTINEZ, Judge. Affirmed.

Jeffrey A. Wagner, of Wagner, Meehan &Watson, L.L.P., for appellant.

Stephanie Weber Milone for appellee Brenda S. McCarty, and individually as intervenor-appellee.

MOORE, RIEDMANN, and WELCH, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Crystal A. McCarty appeals the denial of her application to proceed in forma pauperis on appeal from a dissolution decree entered by the district court for Sarpy County. We find no error in the district court's determination that Crystal was not indigent and therefore affirm the order on that basis.

## BACKGROUND

On December 9, 2020, the district court entered a decree of dissolution dissolving Crystal's marriage to Brenda S. McCarty. Crystal timely filed a notice of appeal and an application to proceed in forma pauperis. The district court denied the application "for lack of accompanying financial affidavit." Crystal filed another application to proceed in forma pauperis with a financial

affidavit attached. The documents indicated that Crystal was unable to pay the costs of the appeal and had no assets that could be liquidated. The district court denied the application the next day without a hearing. Crystal appealed the denial, and on January 5, 2021, in case No. A-21-006, this court summarily reversed based in part upon the district court's failure to comply with Neb. Rev. Stat. § 25-2301.02(1) (Reissue 2016) which requires a written statement of the court's reasons for denying the application..

Following remand, Brenda filed an objection to the application to proceed in forma pauperis, claiming that Crystal had sufficient funds to pay costs, fees, or security, and that Crystal was asserting legal positions that were frivolous and malicious. An evidentiary hearing was held on November 3, 2021. In addition to offering documentary evidence, Brenda elicited testimony from Crystal which revealed that Crystal was "sometimes" working 40 hours a week at a job which paid $14 per hour and it was the same employment and rate of pay she was earning at the time of the dissolution trial. Crystal testified that she supports her mother, age 46, and her brother, age 18. On cross-examination, Crystal explained that she pays $500 per month in rent, plus $80 in utilities. In addition, she has routine expenses such as groceries, clothing, vehicle maintenance, health insurance, and attorney fees. She estimated her monthly support to her mother and brother at approximately $500.

The district court denied in forma pauperis status in a written order. It concluded that, based upon Crystal's testimony, she was gainfully employed at the rate of $14 per hour and had worked remotely for a substantial amount of time, thereby minimizing vehicle expenses. It further found that Crystal's credit card expenses, and "possibly attorney fees" have been discharged in bankruptcy. Finally, it noted that Crystal itemized her expenses for her mother and brother at $160 per month in her poverty affidavit, but increased that amount to $500 at the time of the hearing without explanation. Consequently, it discredited this testimony and concluded that Crystal had sufficient funds to pay costs, fees, and/or security.

The district court also determined that Crystal's legal position was wholly without merit, and further denied the application on the basis that Crystal was pursuing a frivolous proceeding. Crystal timely appeals.

## ASSIGNMENT OF ERROR

Crystal assigns that the district court erred in failing to grant her leave to proceed in forma pauperis on appeal.

## STANDARD OF REVIEW

A district court's denial of in forma pauperis status is reviewed de novo on the record based on the transcript of the hearing or written statement of the court. *Sabino v. Ozuna*, 303 Neb. 318, 928 N.W.2d 778 (2019).

## ANALYSIS

Crystal argues that the court erred in its order of February 1, 2022, denying her in forma pauperis status. We disagree.

Neb. Rev. Stat. § 25-2301.01 (Reissue 2016) states:

> Any county or state court, except the Nebraska Workers' Compensation Court, may authorize the commencement, prosecution, defense, or appeal therein, of a civil or criminal case in forma pauperis. An application to proceed in forma pauperis shall include an affidavit stating that the affiant is unable to pay the fees and costs or give security required to proceed with the case, the nature of the action, defense, or appeal, and the affiant's belief that he or she is entitled to redress.

Section 25-2301.02 provides that an application to proceed in forma pauperis shall be granted unless there is an objection that the party filing the application (a) has sufficient funds to pay costs, fees, or security or (b) is asserting legal positions which are frivolous or malicious. If an objection is made, an evidentiary hearing shall be held.

Here, following remand, Brenda filed an objection to Crystal's application and the court scheduled an evidentiary hearing. At the hearing, Crystal testified that at the time of the dissolution trial, she was "employed on a full-time basis." She then stated she "sometimes" worked 40 hours a week, but could not recall if she testified at trial that she was working 40 hours a week at that time. Her rate of pay was $14 per hour. She confirmed that she continues to work full time for the same company, at the same rate of pay, but that migraines cause her to take "intermittent leave." She provided no estimation of how much work she misses due to her migraines or whether her time off is compensated. Based upon this testimony, the district court concluded that Crystal "works 40 hours per week at $14 per hour." Given the vagueness of the testimony, we find no error in the court's summation of Crystal's testimony.

Crystal claims that the district court's statement that "All of her credit card debts and possibly attorney fees that were included in her bankruptcy petition have been discharged" is "simply conjecture by the court." Brief for appellant at 11. However, Crystal answered affirmatively when she was asked if her debts were discharged in her Chapter 7 bankruptcy. And more specifically, she agreed that she was no longer required to make payments to certain creditors and pay credit card debts because they, too, were discharged. Therefore, we find no error in the court's statement regarding Crystal's debts.

The court also stated in its order that "Given the court's previous findings that [Crystal] lacks credibility the court finds that if any monies are sent to her family, it is for a lesser amount than indicated." Crystal claims this is "conjecture by the court there is no evidence to support this." Brief for appellant at 11. However, a trial court's decision regarding the truthfulness or good faith of a litigant's poverty affidavit and notice of appeal will not be disturbed on appeal unless it amounts to an abuse of discretion. *Flora v. Escudero*, 247 Neb. 260, 526 N.W.2d 643 (1995). Here, Crystal submitted a poverty affidavit in December 2020 in which she listed an expense of "$60.00 + 100.00" for "mom insurance, food." She did not list any expense for her brother. At the hearing, however, she estimated a monthly expense of $500 for her mother and brother. She did not explain the discrepancy in the amounts, therefore, we find no abuse of discretion in the court's decision regarding the truthfulness of Crystal's testimony.

Our review of the record indicates that Crystal is employed 40 hours per week, except for "intermittent leave" for her migraines, at the rate of $14 per hour. Considering the expenses that the district court found credible, we conclude that Crystal has sufficient funds to pay costs, fees,

and security. We affirm the district court's denial of the application to proceed in forma pauperis on the basis that she has sufficient funds to proceed.

Because in forma pauperis status is available only to a litigant who is without sufficient funds to pay fees and costs or give security required to proceed with the case, we need not address Crystal's argument that the court erred in finding that she was asserting legal positions that were frivolous and malicious. See *Baker-Heser v. State*, 309 Neb. 979, 963 N.W.2d 59 (2021) (appellate court is not obligated to engage in analysis which is not needed to adjudicate case and controversy before it).

Crystal's appeal of her dissolution order has been docketed in this court at case No. A-20-901. Neb. Rev. Stat. § 25-1912(4) (Cum. Supp. 2020) provides that "an appeal shall be deemed perfected and the appellate court shall have jurisdiction of the cause when such notice of appeal has been filed and such docket fee deposited in the office of the clerk of the district court." In lieu of payment of costs and fees of litigation, in forma pauperis status may be obtained by appropriate application.

The current appeal is solely an appeal from the denial of Crystal's application to proceed in forma pauperis in the appeal docketed as case No. A-20-901. Because we conclude that the district court did not err in denying Crystal's application to proceed in forma pauperis on the basis that she was not indigent, we affirm the district court's order denying in forma pauperis status.

However, Crystal's appeal docketed as case No. A-20-901 concerning the merits of her claim should be held under submission for payment of the statutory docket fee. Section 25-2301.02(1) provides:

> If an objection [to in forma pauperis status] is sustained, the party filing the application shall have thirty days after the ruling or issuance of the statement to proceed with an action or appeal upon payment of fees, costs, or security notwithstanding the subsequent expiration of any statute of limitations or deadline for appeal.

As such, we conclude that Crystal shall be permitted 30 days from the issuance of the mandate in this case in which to pay the statutory docket fee. Failure to so do will result in the dismissal of her appeal from the dissolution decree docketed as case No. A-20-901.

## CONCLUSION

The district court did not err in denying Crystal's application to proceed in forma pauperis. We therefore affirm that decision. But we note that Crystal has 30 days in which to pay the statutory docket fee for the appeal docketed as case No. A-20-901. Crystal's failure to do so will result in the dismissal of that appeal.

AFFIRMED.